IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**HARRY MARTELL-RODRIGUEZ,**

    Plaintiff,

        v.

**EINAR RAMOS-LOPEZ, ET AL.,**

    Defendants.

CIVIL NO. 16-2925 (PG)

**OPINION AND ORDER**

On November 4, 2016, plaintiff Harry Martell-Rodríguez ("Martell" or "plaintiff") filed this action *pro se* under 42 U.S.C. § 1983 against several officers the Puerto Rico Department of Correction and Rehabilitation of Puerto Rico ("PRDCR"), and the PRDCR's Committee of Classification and Treatment ("CCT").[1] Docket No. 3. On that same date, Martell filed a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). Docket No. 1. Martell, an inmate at Institution Adults Ponce 1000 in Ponce, Puerto Rico, alleges that defendants have maintained him in medium custody for approximately fourteen years and have refused to reclassify him to minimum custody on the basis of his conviction and sentence. Id. at page 5. Plaintiff seeks to compel reclassification of his custodial status to minimum security. Id.

After a close examination of the complaint, the court *sua sponte* dismisses plaintiff's claims without prejudice for the reasons explained below.

**I.   STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails to state a claim upon which relief could be granted. "To avoid dismissal, a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Garcia-Catalan v. U.S., 734 F.3d 100, 102 (1st Cir.2013)(quoting FED.R.CIV.P. 8(a)(2)). When reviewing the complaint, the court must "ask whether the complaint states a claim to relief that is plausible on its face, accepting

---

[1] The defendants are: Einar Ramos-Lopez, Secretary of the DCRPR, Maria De Leon-Aponte, supervisor of custodial classifications, and Angel Droz-Rivera (hereinafter collectively referred to as "defendants"). The complaint form does not state Droz-Rivera's position or functions within the DCRPR or the CCT. See Docket No. 3. Moreover, it is unclear if they are sued in their individual or official capacities.

the plaintiff's factual allegations and drawing all reasonable inferences in the plaintiff's favor." Cooper v. Charter Communications Entertainments I, LLC, 760 F.3d 103, 106 (1st Cir.2014)(citing Maloy v. Ballori–Lage, 744 F.3d 250, 252 (1st Cir.2014))(internal quotation marks omitted). Additionally, courts "may augment these facts and inferences with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." A.G. ex rel. Maddox v. v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir.2013)(citing Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir.2011)).

"To cross the plausibility threshold, the plaintiff must 'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Cooper, 760 F.3d at 106 (citing Maloy, 744 F.3d at 252). See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, … , on the assumption that all the allegations in the complaint are true (even if doubtful in fact) … ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations and quotation marks omitted). When evaluating the plausibility of a legal claim, courts should read the complaint "as a whole" and be cautious not to apply the plausibility standard "too mechanically." See Rodriguez-Vives v. Puerto Rico Firefighters Corps, 743 F.3d 278, 283 (1st Cir.2014)(citing Garcia–Catalan, 734 F.3d at 101, 103).

## II.  DISCUSSION

### A. Exhaustion of Administrative Remedies

Pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PRLA's exhaustion requirement applies to "all inmate suits about prison life, whether they involve general circumstances, or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002); see also Johnson v. Thyng, 369 Fed.Appx. 144, 147 (1st Cir.2010)(prisoner required to exhaust administrative remedies before filing § 1983 action, even if relief sought cannot be granted by the

administrative process)(quoting Booth v. Churner, 532 U.S. 731, 734 (2001)).

In order to exhaust administrative remedies, the prisoner must comply with the applicable regulation and procedural rules. See Woodford v. Ngo, 548 U.S. 81, 88 (2006). These rules, in turn, are defined not by the PLRA, but by the prison grievance process itself. See Tomassini v. Correctional Health Services Corp., No. 09-2059, 2012 WL 1601528, at *1 (D.P.R. May 07, 2012)(citing Jones v. Bock, 549 U.S. 199, 218 (2007)). To that end, the PRDCR has adopted administrative rules and regulations for the application and review of requests for administrative remedies by incarcerated inmates. See Torres Garcia v. Puerto Rico, 402 F.Supp.2d 373, 379 (D.P.R.2005). The Regulation to Address the Applications for Administrative Remedies Filed by Members of the Correctional Population, for example, sets forth the grievance procedures for inmates under the PRDCR's custody. See Regulation No. 8583 of May 4, 2015. In addition, the Manual for the Classification of Inmates provides for the initial and periodical evaluation and classification of incarcerated inmates in accordance with the PRDCR's institutional policy. See Regulation No. 8281 of November 20, 2012. The Manual establishes the substantive and procedural rules for adjudicating an inmate's request for reclassification of custodial status, thus guaranteeing due process during the internal prison procedure.

Furthermore, pursuant to Puerto Rico's Uniform Administrative Procedure Act ("UAPA"), "[a]ny party which is adversely affected by a final order or resolution of an agency and who has exhausted all of the remedies provided by the agency or by the corresponding administrative appellate body may file a petition for review before the Court of Appeals," P.R. LAWS ANN. tit. 3, § 2172, within a specified term. The UAPA also provides that "[t]he judicial review provided herein shall be the **exclusive** proceeding to review the merits of an administrative decision submitted under this chapter, whether adjudicative or informal in nature." P.R. LAWS ANN. tit. 3, § 2172 (emphasis added).

In his complaint, Martell states that he exhausted administrative remedies by first using the correctional facility's internal grievance procedure and later seeking judicial review of the CCT's adverse resolution from the Puerto Rico Court of Appeals, San Juan Region. Id. at pp. 2-4. The appellate court's decision in the case of Martell Rodriguez v.

Administracion de Correccion y Rehabilitacion, No. 4-40956, KLRA201600474, 2016 WL 3391572 (T.C.A. May 31, 2016) describes how Martell availed himself of all available administrative remedies, thus complying with the applicable exhaustion requirements under federal and Puerto Rico law.² See 42 U.S.C. § 1997e(a); P.R. LAWS ANN. tit. 3, § 2172. Accordingly, the court will move on to conduct a screening of the complaint.

### B. *Sua Sponte* Dismissal

The PLRA "includes several provisions which grant this Court the authority to screen and dismiss prisoner complaints." Aldrich v. U.S., No. 13-12085-NMG, 2013 WL 6196002, at *4 (D.Mass. November 22, 2013)(citing 28 U.S.C. § 1915 (proceedings *in forma pauperis*); 28 U.S.C. § 1915A (screening of suits against governmental officers and entities)). Section 1915(e)(2) allows for *sua sponte* dismissal of an *in forma pauperis* action if the complaint is frivolous, malicious, fails to state a claim, or seeks monetary relief from a defendant immune from such relief. See 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); see also Doherty v. Donahoe, 985 F.Supp.2d 190, 206 (D.Mass.2013)("*In forma pauperis* complaints may be dismissed *sua sponte* and without notice under § 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless.")(quoting Aldrich v. Considine, 2013 WL 4679722, at *4 (D.Mass. Aug. 29, 2013)). Because the plaintiff is proceeding *pro se* the court construes his complaint liberally. See Haines v. Kerner, 404 U.S. 519, 52-21, 92 S.Ct. 594 (1972)(per curiam); Boivin v. Black, 225 F.3d 36, 43 (1st Cir.2000)("courts hold *pro se* pleadings to less demanding standards than those drafted by lawyers")(citations omitted).

In the instant case, the complaint states that plaintiff has been serving his sentence at a state correctional facility in Ponce, Puerto Rico for the last 23 years. It is also alleged that earlier this year, plaintiff filed a request for reclassification from medium to minimum custody with the CCT at his correctional facility. Plaintiff complains that the CCT

---

² Although, ordinarily, courts may not consider matters outside the pleadings when reviewing a complaint under the standard of Rule 12(b)(6), the petition form in this case makes sufficient reference to the underlying administrative procedure followed by plaintiff, as well as the P.R. Court of Appeals' decision at the judicial review stage. See Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir.2009). Alternatively, these matters are susceptible to judicial notice. See Rodriguez-Ramos v. Hernandez-Gregorat, 685 F.3d 34, 37 (1st Cir.2012); Berrios-Romero v. Estado Libre Asociado de Puerto Rico, 641 F.3d 24, 27 (1st Cir.2011)(noting that the court "may take judicial notice of law at any time"). Accordingly, the court may still consider aforesaid materials under the Rule 12(b)(6) standard.

denied the request based on his extensive term of imprisonment (175 years), the violent nature of his offenses, and the fact that he has not been in medium custody long enough. See Docket No. 3 at pp. 5-6. Finally, the complaint states that the CCT failed to consider plaintiff's compliance with his institutional plan. However, for the reasons explained below, the court finds that these allegations are insufficient to state a claim for which relief can be granted.

At the outset, it is important to mention that plaintiff has not included a short and plain statement of the grounds upon which this court's jurisdiction is granted. See Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir.2009); see also Fed.R.Civ.P. 8(a). The only indication of the legal basis for bringing suit is the title of the complaint form, which states: "prisoner civil rights complaint, 42 U.S.C. § 1983"). Nonetheless, as the allegations recited above make clear, plaintiff has not "allege[d] facts sufficient to support a determination (i) that the conduct complained of has been committed under color of state law, and (ii) that [the alleged] conduct worked a denial of rights secured by the Constitution or laws of the United States." Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir.2005) (quoting Romero-Barcelo v. Hernandez-Agosto, 75 F.3d 23, 32 (1st Cir.1996)); see 42 U.S.C. § 1983.

Indeed, Martell has not identified the existence of a protected interest with respect to his custodial status, or the deprivation thereof as a result of the purported refusal to reclassify him. See Sanchez v. Pereira-Castillo, 590 F.3d 31 (1st Cir.2009); McGuinness v. Dubois, 75 F.3d 794, 797 (1st Cir.1996); Coyne v. City of Somerville, 972 F.3d 440, 443 (1st Cir.1992). Accordingly, the court cannot begin to determine the foundation for this unspecified civil rights suit. Cf. Rivera Borrero v. Rivera Correa, 93 F.Supp.2d 122, 127 (D.P.R.2000)(declining to decide whether prisoner enjoyed a protected liberty interest in custodial classifications upon finding that the allegations in the complaint failed to state a claim entitling the pleader to relief).

Section 1983 claims require that a plaintiff plausibly plead not only the deprivation of a right, but also a causal connection between the actor and the deprivation, and state action. See Sanchez, 590 F.3d at 41; see also 42 U.S.C. § 1983. Here, the complaint provides no basis for the court to infer that state action existed. It also fails to plausibly link each

particular defendant with an encroachment of any protected right. See González-Piña v. Rodríguez, 407 F.3d 425, 432 (1st Cir.2005); Concepcion v. Municipality of Gurabo, 558 F.Supp.2d 149, 162-163 (D.P.R.2007). Having failed to plead the basic elements of a Section 1983 cause of action, Martell's complaint necessarily fails. See Green v. Concord Baptist Church, 313 Fed.Appx. 335 (1st Cir.2009)(affirming district court's *sua sponte* dismissal of action where the allegations in the complaint were insufficient to state a Section 1983 claim and opportunity to amend would be futile); Díaz v. Puerto Rico Dep't of Corr. & Rehab., No. 16-1176 (PG), 2016 WL 6068119, at *1 (D.P.R. Oct. 14, 2016)(dismissing *pro se* plaintiff's claims for failure to comply with the pleading requirements of Fed.R.Civ.P. 8(a)); Acevedo-Cruz v. Villegas, No. 09-1619 (JP), 2009 WL 2366419 (D.P.R. July 29, 2009)(dismissing prisoner's civil rights complaint for failure to state a claim for which relief could be granted, as permitted under 28 U.S.C. § 1915(a)).

The court is well aware that "*sua sponte* dismissals are strong medicine, and should be dispensed sparingly." Cardona Roman v. Univ. of Puerto Rico, 799 F.Supp.2d 120, 133 (D.P.R.2011)(quoting Chute v. Walker, 281 F.3d 314, 319 (1st Cir.2002)). Here, however, the complaint is simply too vague and bare-boned, and does not set forth sufficient factual allegations in order to allow this court to "intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir.1997). In sum, plaintiff has not alleged the minimal facts as to "who did what to whom, when, where and why." Educadores Puertorriquenos en Accion, 367 F.3d 61, 67 (1st Cir.2004). Consequently, the court hereby dismisses plaintiff's complaint *sua sponte* and without prejudice for failure to state a claim for which relief can be granted.

### III.  CONCLUSION

For the foregoing reasons, plaintiff's unspecified claims against all defendants are hereby **DISMISSED WITHOUT PREJUDICE.** Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, December 21, 2016.

S/ JUAN M. PÉREZ-GIMÉNEZ
**JUAN M. PEREZ-GIMENEZ**
**SENIOR U.S. DISTRICT JUDGE**